In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by the Superintendent of Insurance, for an Order to Take Possession of the Property of and Rehabilitate the WESTCHESTER TITLE & TRUST COMPANY. In the Matter of a Plan of Readjustment, Modification and Reorganization of the Rights of the Holders of Mortgage Investments in Series 66-C. ORIE R. KELLY, ANTHONY J. KERIN and PLINY W. WILLIAMSON, Appellants; MORTGAGE COMMISSION OF THE STATE OF NEW YORK, Respondent.— In a proceeding for the judicial settlement of the account of trustees appointed pursuant to a declaration of trust adopted under the authority of the Schackno Act (Laws of 1933, chap. 745), order made and entered on November 18, 1937, modified by granting the motion of the accounting trustees to dismiss *in toto* the objections filed by the Mortgage Commission, and by granting the motion of the respondent Mortgage Commission to the extent of permitting it to intervene in the present proceeding, and denying the motion in all other respects. And so modified, the order is affirmed, without costs. In the opinion of this court the Mortgage Commission has legal capacity to file objections to the account of trustees appointed under the Schackno Act, provided leave to intervene is first obtained upon application to the court. The right to file objections is derived from section 14-a of the Mortgage Commission Act (Laws of 1935, chap. 19, as amd. by Laws of 1937, chap. 708). The procedure whereby the Commission enters the proceeding and acquires a standing to assert its right is specified by section 30. Both sections must be read together, and the Mortgage Commission may not file objections until it has brought itself properly before the court by due application for leave to intervene. Since in this case the respondent filed objections to the account before permission to intervene had been obtained, the objections were a nullity and should have been dismissed. Application for leave to intervene was not made until after the expiration of the time fixed by the court for the filing of objections. While it was proper for the court to grant such motion to the extent of permitting the respondent to intervene, it was not proper at that date to permit respondent to file objections to the account. The Special Term was also in error in permitting respondent by an order made in this proceeding to intervene " in any and all proceedings with respect to any and all accounts of the said trustees heretofore filed." Orderly procedure requires that intervention should be allowed only in the particular proceeding in which application is made. The respondent may acquire the right to object to future trustees' accounts by making timely application for leave to intervene. The appellants' apprehension, expressed on the argument, that this construction of the statute will result in loss to the trust property through allowances made to the Mortgage Commission, is unfounded, since the Commission may not be reimbursed for services rendered where the trust property is under the jurisdiction of Schackno Act trustees. Section 24 of the statute (Laws of 1936, chap. 729) permits the reimbursement of the Mortgage Commission out

of the trust estate only when the property, bond or mortgage, or group thereof, is or has been under the jurisdiction of the Commission. Hagarty, Davis, Johnston, Adel and Close, JJ., concur.